[Criminal No. 641. Filed June 13, 1927.]

[256 Pac. 1054.]

CONCEPCION ENCINAS, Appellant, v. STATE, Respondent.

Mr. William J. Fellows, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, for the State.

ROSS, C. J.—Appellant appeals from a conviction of an unlawful sale of intoxicating liquors.

One item of evidence offered in the case was a marked ten dollar bill, given by the purchaser in payment for liquor. Appellant insists that, because the search-warrant authorized the officers to search her premises for intoxicating liquors only, their authority was limited to that purpose, and that the ten dollar bill, although found during the search of premises, was unlawfully obtained and therefore improper evidence. The record shows the piece of marked currency, upon objection from appellant, was by the court ruled out. Whether her contention as to this bit of evidence was correct or not, it is not necessary to decide, the court having sustained her objection.

The witnesses for the State had told of finding the ten dollar bill in a dresser drawer, in appellant's room, and described the circumstances thereof, without any objection whatever, and afterwards appellant moved that such testimony be stricken. This motion was overruled, and she complains of the ruling. No objection having been made to the introduction of such testimony, and no reason being set forth in the motion to strike, no foundation was laid on which to base error.

Appellant complains of the following charge that was given to the jury:

"And in that particular, I charge you, gentlemen, it matters not whether this defendant actually handed over the whisky in question to the purchaser and received the money direct from the purchaser; if she had any connection with the sale of the whisky, if you believe beyond a reasonable doubt that there was a sale of whisky, whether—in the receipt of the money and the parting with the whisky, whether she aided or abetted in it, legally she is guilty as a principal, and, if you so believe beyond a reasonable doubt that she was connected with it in any manner, then it is your duty to find her guilty; otherwise it is your duty to acquit."

The testimony showed that the liquor the appellant is charged with having sold was delivered to the purchaser by the appellant's daughter, and that the daughter took the ten dollar bill to appellant, who made change thereof, and it is contended that the evidence showed the sale was made by the daughter and not by the mother. The instruction complained of was given to cover that situation, and we think properly so.

It is next contended that the court erred in not instructing the jury to return a verdict of not guilty at the close of the State's case. The error is not stated any more fully or definitely than we state it. Looking into the brief, however, we find that the appellant contends that the presumption of law was that she was acting under the threats, commands, or coercion of her husband. This contention is based upon the provisions of the statute (§ 24, pt. 1, Pen. Code 1913), which states:

"All persons are capable of committing crimes except those belonging to the following classes: . . . (7) Married women (except for felonies) acting under the threats, command or coercion of their husbands."

There was not a scintilla of evidence tending to show that the appellant acted under compulsion from her husband. The evidence did show that the husband was not present, having a short time before left their place of abode for Phoenix. In such circumstances there is no presumption of coercion. 30 C. J. 790, § 419.

It is also assigned that the verdict was contrary to the law and the evidence. An examination of the transcript of the testimony convinces us that the evidence was ample to establish the act charged in the information. The instructions to the jury appear to state clearly and correctly the law applicable to the facts in the case.

Complaint is also made because the learned trial judge asked some questions of witnesses during the trial. It is intimated that His Honor indicated by the manner of questioning witnesses a decided bias against the appellant. We have examined the questions of which complaint is made, and do not feel that the criticism is justified.

The judgment of conviction is affirmed.

LOCKWOOD and McALISTER, JJ., concur.